## Case No. 12,775.

SHERWOOD v. BURGESS.

[1 Hayw. & H. 132.] [1]

Circuit Court, District of Columbia. March 29, 1843.

USURY—LEASE WITH RIGHT TO PURCHASE.

A party bought a piece of real estate from a mortgagor thus preventing it from being sold at auction under the mortgage, paying him cash for the same and receiving a deed in fee. After the sale the grantee gave the grantor a lease of the same at a greater rent than the legal interest would have amounted to if the purchase money was really a loan, but with the privilege

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

of repurchasing during the term for the same price it sold for. *Held*, that the transaction was not usurious.

In equity. Suit [by Adiel Sherwood against Richard Burgess] to quiet title to real estate.

Clement Cox, for complainant.
Henry M. Morfit, for defendant.

BY THE COURT. The bill states that the complainant bought certain real estate of the defendant. That the said real estate was about to be sold to satisfy a deed of trust made to secure an amount loaned to said defendant. That after purchasing the said property the complainant leased it to the defendant with the privilege of re-purchasing the property at any time during the continuation of the lease for the same amount as the purchase money. That after the lease had expired the defendant claimed that the amount paid by the complainant was a loan to be returned, and that the rent to be paid was only a cloak for usury, as it was in excess of the legal rate of interest. This bill is brought to clear the cloud in the title to the said real estate.

The testimony of one of the witnesses gives a statement of the facts that led to the purchase. The defendant appealed to the said witness to raise the money and thus prevent a forced sale under the trust. About the time he was so hard pressed the complainant came to said witness and wanted to invest $2,000 profitably. Knowing that the complainant did not want to loan the money, as he desired to make it more productive than legal interest, and determined not to implicate himself in any usurious loan, the witness suggested to the defendant a sale of the property with the right of re-purchase at the same price within a given time, a form of investment of which several instances had occurred in said witness' observation and which said witness understood was entirely legal, and recommended this to the defendant as saving a general sacrifice of the property and affording him time to effect the most advantageous final sale of his property, and to the complainant as giving him the present title and possession of a productive property that would yield him a large income, and which if not re-purchased would be a bargain as a permanent investment. The result was a sale of the premises and a lease by the complainant to the defendant. There was no obligation of any kind taken from the defendant for the repayment of the said sum of two thousand dollars and interest.

The cause, coming on to be heard on bill, answer, general replication and proof, was duly heard and determined. THE COURT decreed that the defendant be enjoined from disturbing or impeaching the title, possession or enjoyment of the complainant, his heirs or assigns in, of and into the said real estate.